Matter of the Application of Michael Koninski against Arthur B. Vieser et al., as Inspectors of Election in and for the Twelfth Election District of the Thirty-fifth Assembly District, County of Bronx, Constituting the Board of Inspectors of Election of said Election District.

(County Court, Bronx County, October, 1916.)

Election Law — duties of board of inspectors of election — naturalization — citizens — when native of Poland cannot be deprived of his vote.

> The duties of a board of inspectors of election in attending the registration of voters in order to ascertain who are qualified electors are not of an inquisitorial nature but purely ministerial, and the questions they are permitted to ask are for the sole purpose of testing the intending voter's qualifications.

> A native of Poland upon becoming a naturalized citizen of the United States of America cannot be deprived of his right to vote or participate at the next primary election because at the registration of voters he refused to give to the board of inspectors of election any further details as to the place of his nativity than to answer that he was born in Poland.

Application under section 153 of the Election Law to compel the board of election inspectors to convene and add petitioner's name to the books of registration of the election district where he resides.

John V. D. Sheridan for the petitioner.

Gibbs, J.   This is an application made by the above-named petitioner, under section 153 of the Election Law, to compel the above-named board of election inspectors to convene and add his name to the books of registration of the election district where he resides.

The petitioner has been " an inhabitant of the state

for one year next preceding the election, and for the last four months a resident of the county, and for the last thirty days a resident of the election district in which he offers his vote '' in conformance with section 162 of the Election Law which regulates the qualifications of voters.

It appears from his petition that on the 14th day of October, 1916, which was the last day for the registration of voters for the general election of 1916, he appeared at public school 53, that being the place required by law for the registration of electors for the election district of the assembly district in which he resides. In compliance with section 155 of the Election Law, he proceeded to answer the questions put to him by the chairman of the said board of inspectors, apparently answering the questions to the satisfaction of the said board until he was asked the place of his birth. In reply to that question which, in compliance with law, was to be entered in the twelfth column of the said registration books, his answer was that he was born '' in Poland.'' It appears that the answer was unsatisfactory to the chairman of the board and his associates, and the petitioner was subjected to an examination as to the particular part of Poland he was born in. It is conceded that he refused to give any further details of the place of his nativity, except to answer that he was born in Poland. Upon his refusal to give the further details required of him by the board, he was not permitted to register, and has not registered because of the refusal of the board to accept his registration. It is conceded that unless an order is granted herein requiring the board of election inspectors to convene on Saturday next, the 28th day of October, 1916, he will be deprived of his vote at the coming election, and also of his right to enroll as a member of his political party, which also will

deprive him of the right to participate in the next primary election.

It seems to me that under section 155 of the Election Law, hereinbefore referred to, the petitioner was not required to state in what political division of Poland he was born. It is specifically provided in the above-named section (155) as follows: " * * * In the twelfth column shall be entered the country of his nativity which shall mean the country, state, or province of the elector's birth, *irrespective of his former political allegiance.*" This section, it seems to me, was designed, in part, with a view of respecting the feelings of naturalized citizens who have emigrated to this country in order to escape undesirable political allegiance.

The part of Poland in which the petitioner was born fell to the lot of Russia in the second partition of Poland that took place in 1793, which was participated in by Russia and Prussia. After some further partitioning between these powers and Austria, and after a number of fruitless revolts on the part of the Poles, that part of Poland herein referred to was incorporated as a part of the Russian Empire, and is now a territory consisting of ten governments which formerly constituted the kingdom of Poland. Poland is recognized by all of the reliable historians and geographers as a distinct part of Europe. Through its many vicissitudes that country and its people have maintained a distinct individuality with distinct race, tastes, ideals and aspirations. At the present time, it is estimated that there are about 20,000,000 of Polish speaking people in Europe, of whom 4,000,000 are under the rule of Austria, 12,000,000 are subjects of Russia, and about 4,000,000 under the government of the German Empire. The petitioner's objections to the unnecessary questions put to him by the board were, perhaps, based upon sentiment, yet it is easily understood why he insisted

upon calling himself a Pole, and claiming Poland as the place of his nativity, when considered in the light of Polish history. No people of modern times have clung with greater tenacity and devotion to their national and racial traditions and aspirations in the face of political and economic oppression than the Poles. Their history goes back to the tenth century, and in the seventeenth century they stood in the first rank among the powers of the world.

In 1815, the government of Poland was duly recognized by Emperor Alexander the First of Russia, who signed the Polish Constitution on November thirtieth of that year, and declared Poland to be a separate political entity but united to Russia. Their last revolt against Russia's domination took place in 1863. During that long period of time, and right up to the present day, the Poles have heroically maintained their national individuality. Apparently, this fact was even recognized by the Russian Government which, on the 14th day of August, 1914, issued a proclamation addressed to the " Poles," and duly signed by Nicholas, the Commander and Chief and General Adjutant of all the armies of Russia.

The Century Dictionary defines " Pollack " as a Pole or Polander, and Poland is distinguished on most of the maps of the world as an individual part of Europe.

I am, therefore, of the opinion that the question as to the petitioner's place of birth was fully answered by him when he repeatedly stated that he was born in Poland.

The duties of the board of election inspectors are not of an inquisitorial nature; their duties are of a purely ministerial nature, and are fully defined by the Election Law. Their duty in attending the business of the registration of voters is to ascertain the electors

who are qualified to cast votes, and the questions they are permitted to ask are asked for the purpose of testing the intending voter's qualifications. The petitioner herein had his citizenship papers with him which he exhibited, and answered all questions in an orderly and sufficient way and, in my judgment, was duly qualified to register.

Senator Saxe in his Manual on Elections (1915), speaking of registration, says: " Its function is merely to provide, in advance of elections, an authentic list of qualified voters of each election district, thereby intending to prevent illegal voting."

It would be a melancholy situation in a state where the organic law declares (Const. art. 1, § 1) that " No member of this State shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers," that a naturalized citizen could be deprived of his right to vote because the board of election inspectors of his election district failed to recognize the place of his birth as a separate and distinct geographical division which is recognized by geographers, historians and all other reliable authorities. In any event, the question herein referred to and which was addressed to the petitioner, which he failed to answer to the satisfaction of the board of election inspectors, does not go to the merits of his right to vote, and the failure to answer it with the degree of detail required by the board is not a bar to his registration.

On the above reasoning, I deem it my duty to order that the application of the petitioner herein be granted and that the above-named defendants, constituting the board of inspectors of the twelfth election district in the thirty-fifth assembly district, duly convene as a board of registration upon Saturday, October 28, 1916, at

eight o'clock P. M. at public school No. 53, in the borough and county of Bronx, city of New York, and add the name of the petitioner to the register of electors therein and provide him with due opportunity to enroll as a member of the political party of his choice, and that the records of registration be amended in accordance with the order herein.

Ordered accordingly.